UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REAL WISDOM INVESTMENTS, L.L.C., <br> *Plaintiff*, <br> <br> v. <br> <br> FREDA L. PHILLIPS, <br> *Defendant*. | § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION H-13-3028 |

**MEMORANDUM OPINION & ORDER**

"[Courts] have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235 (2006). In this removed action, the court has reviewed the plaintiff's notice of removal and has determined that the court lacks subject-matter jurisdiction to hear this case. Accordingly, this action will be REMANDED back to state court for further proceedings.

**I. BACKGROUND**

Defendant Freda Phillips, acting *pro se*, filed a notice of removal on October 15, 2013. Dkt. 1. While defendant did not include all of the records or pages from the state court proceedings in her notice of removal filing, the records attached to the notice make clear that this action arose when a Petition for Eviction was filed by plaintiff against Freda Phillips and Rodney Cheaney on July 30, 2013, in the Harris County Justice of the Peace Court, Precinct 4, Position 1. *Id.* The suit for eviction claims that the defendants do not have a valid lease for the property at which they are residing, and they failed to vacate the premises after receiving notice from the plaintiff requiring them to provide a copy of the current lease and proof of prior rent payments. *Id.* The Justice of the Peace Court authorized plaintiff to serve citation on defendants by alternative service on August 21, 2013, after several unsuccessful attempts to accomplish service. *Id.* While the citation return is not

included in the removal documents, the notice of removal states that defendant was served with summons on August 4, 2013.[1] Default judgment was entered against defendants on September 10, 2013, and Freda Phillips thereafter appealed the Justice of the Peace Court's ruling to the County Civil Court at Law No. 3 in Harris County. *Id.* Freda Phillips removed this case to federal court on October 15, 2013 on the basis of diversity jurisdiction. As set forth below, the court finds that the case should be remanded.

## II. Legal Standard

Federal district courts are of limited jurisdiction and may hear only those cases authorized by a federal statute and the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673 (1994); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A court is required to strictly construe the removal statute in favor of remand. *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). When there is no subject-matter jurisdiction, remand is mandatory. 28 U.S.C. § 1447(c). Defendant has the burden of proof in demonstrating that removal to federal court is proper. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007).

## III. Analysis

Defendant's removal fails for several reasons, making remand mandatory. First, a notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b). By her own admission, defendant maintains she was served with this lawsuit on August 4, 2013. Dkt. 1. It is clear from the record that the latest

---

[1] The court recognizes that the order for alternative service predates the date provided by defendant as to when she was served, but the state court documents attached to the notice of removal clearly demonstrate that defendant appeared in the state court proceedings because she filed an appeal of the default judgment rendered by the Justice of the Peace Court on September 13, 2013. Dkt. 1.

possible date defendant could have received notice of this suit is on September 13, 2013, when she filed an appeal of the Justice of the Peace Court's judgment to the County Court at Law. In either instance, defendant's notice of removal is untimely.

Secondly, defendant's removal is barred by the "forum defendant rule" under 28 U.S.C. § 1441(b). Section 1441(b) states, in part, that a case removed on diversity grounds may only be removed "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Defendant maintains that she is a Texas resident, destroying diversity under the forum defendant rule. Dkt. 1.

The court also notes that, by seeking an appeal to the County Court at Law, defendant has waived her right to removal by availing herself of the appeals process in state court. *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986); *Bank of America, N.A. v. Barrett*, 2013 WL 2554526, *2 (N.D. Tex. 2013). She cannot now come to this court seeking a different result. Moreover, the state suit names Freda Phillips and Rodney Cheaney as defendants. Dkt. 1. Only defendant Freda Phillips removed this case to federal court. The record contains no evidence regarding whether Rodney Cheaney consented to this removal as required by 28 U.S.C. § 1446(b)(2)(A). *Brown*, 792 F.2d at 481.

More importantly, even if the removal were not waived or procedurally defective, there does not appear to be any valid basis for federal jurisdiction here. Defendant removed this case on the basis of diversity under 28 U.S.C. § 1332. Suits are removed on the basis of diversity jurisdiction when the suit involves a controversy between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The court is not persuaded that the amount in controversy exceeds $75,000. Defendant argues that the amount in controversy exceeds $75,000

3

because the fair market value of the property which is the subject of the eviction suit is $113,874.00. However, an eviction action only seeks possession of property. Ownership of the home is not a matter in controversy in an eviction suit. *Barrett*, 2013 WL 2554526, *2. As one Texas Court of Appeals noted:

> The primary object of [an eviction] suit is a recovery of possession. The primary issue is a right to possession. There may be joined in said suit a cause of action to recover delinquent rents payable under the contract if the amount is within the jurisdiction of the justice court. Rule 738, Texas Rules of Civil Procedure. However, this is rent as such and not damages for wrongful withholding of the premises or other benefits accruing to the appellees under the contract.

*Dews v. Floyd*, 413 S.W.2d 800, 805 (Tex Civ. App.1967, writ dism'd); *see also Hart v. Keller Props.*, 567 S.W.2d 888, 889 (Tex. Civ. App. 1978, no writ.) ("The rule is settled that the measure of the lessor's damages for withholding possession pending appeal of the forcible detainer action is the reasonable rental value."). Thus, defendant has not demonstrated that the amount in controversy in this action would exceed $75,000.

## IV. Conclusion

For each of the foregoing reasons, removal was improper and the case must be remanded. Pursuant to 28 U.S.C. § 1447(c), the action is REMANDED to County Civil Court at Law No. 3, Harris County, Texas for further proceedings.

It is so ORDERED.

Signed at Houston, Texas on October 16, 2013.

_____
Gray H. Miller
United States District Judge

4